# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YON KERVIS U., | No. 1:25-cv-2066-KES-SAB (HC) |
| Petitioner, | |
| v. | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| CHRISTOPHER CHESTNUT, Warden of California City Detention Facility; SERGIO ALBARRAN, Field Office Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, | Doc. 5 |
| Respondents. | |

This habeas action concerns the re-detention of petitioner Yon Kervis U., a noncitizen who was detained and released in 2023 but was recently re-detained. Before the Court is petitioner's motion for temporary restraining order.[1] Doc. 5. The Court has addressed the legal issues raised by petitioner's motion for temporary restraining order in prior cases. *See, e.g.,* *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

4, 2025); *Carmen G.C. v. Robbins*, No. 1:25-CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Clene C.D. v. Robbins*, *Carmen G.C. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the motion. Doc. 4. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents filed a response on January 8, 2026. Doc. 11.[2] Respondents state that the "legal issues in this case regarding detention under § 1225 versus § 1226 are not substantively distinguishable from those in the cases the Court has referenced." Doc. 11 at 2. They also did not object to converting the motion or request a hearing. *See id.*

Respondents assert however, that this case is factually distinguishable from the Court's prior decisions because, they assert, "[p]etitioner sustained an arrest, on or about January 19, 2024, for two misdemeanors: driving under the influence of alcohol/drugs (VC § 23152(b)) and driving without a license (VC § 12500(a)). Doc. 11 at 2; Doc. 11-1 at 4. Respondents argue that a "conviction for either of the misdemeanors *would be* a violation of the condition of Petitioner's release that he 'not violate any local, State, or Federal laws or ordinances.'" Doc. 11 at 3 (quoting Doc. 1-5 at 1) (emphasis added). Respondents do not argue that petitioner has been convicted of any crime, nor do they provide a "rap sheet" or other documentation reflecting a conviction of either misdemeanor.[3] *See id.* "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." *Duncan v. California*, No. S-04-523

---

[2] Although respondents captioned their response as "Motion to Dismiss Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and Rule 4; Response to Petition for Writ of Habeas Corpus; Opposition to Preliminary Injunction; Opposition to Temporary Restraining Order," the body of the response does not move to dismiss the petition.

[3] Instead, respondents cite to an ICE Form I-213 that does not establish the foundation for ICE's information concerning the arrest. *See* Doc. 11-1 at 4.

LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006).

As respondents have not identified any relevant factual or legal distinctions between this case and the Court's prior decisions in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); *Carmen G.C. v. Robbins*, No. 1:25-CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and for the reasons stated in those prior orders, petitioner's motion for temporary restraining order is converted to a motion for a preliminary injunction and is GRANTED.

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

This matter is referred to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated:    January 12, 2026                        _____
                                                  UNITED STATES DISTRICT JUDGE

3