UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YON KERVIS URDANETA (A-Number: 246-942-155),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:25-cv-02066-KES-SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 1, 21

Petitioner Yon Kervis Urdaneta is a former immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally* Doc. 1.

On January 2, 2026, petitioner filed a motion for temporary restraining order. Doc. 5. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered respondents to release petitioner. Doc. 13 at 3. The Court referred the matter to the magistrate judge for further proceedings. *Id.*

On July 30, 2026, the magistrate judge issued findings and recommendations recommending the Court grant the petition for writ of habeas corpus on the second claim for relief "for the reasons stated in the order granting preliminary injunction." Doc. 21 at 2. The findings and recommendations were served on the parties and contained notice that any

objections thereto were to be filed within fourteen (14) days after service. To date, no objections have been filed, and the time for doing so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations issued on July 30, 2026, Doc. 21, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED on the second claim for relief.
3. If respondents seek to re-detain petitioner Yon Kervis Urdaneta (A-Number: 246-942-155), they must hold a pre-deprivation bond hearing before a neutral arbiter at which they must demonstrate by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]
4. The Clerk of Court is directed to terminate any remaining motions as moot and to close the case.

IT IS SO ORDERED.

Dated: August 31, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.